THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Antwione Canada, Appellant.
 
 
 

Appeal From Richland County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2011-UP-213
Submitted May 1, 2011  Filed May 11, 2011

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior
 Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Daniel E. Johnson, of Columbia, for Respondent.
 
 
 

PER CURIAM: Antwione Canada appeals his conviction for first-degree criminal sexual conduct with a minor.  He argues the trial court abused its
discretion in denying his motion to compel an independent, psychiatric examination of the child victim.  We affirm.[1]
A trial court has broad discretion to deny or grant a motion to compel a psychiatric examination of a child sex offense victim, and whether the trial court
acted within its discretion depends upon whether the case presented a compelling need for the examination.  In re Michael H., 360 S.C. 540, 549,
551, 602 S.E.2d 729, 733, 735 (2004).    This court uses a six-factor test to determine whether a compelling need exists:

 (1) [T]he nature of the examination requested and the intrusiveness inherent in that examination; (2) the victim's age; (3) the resulting physical and/or
 emotional effects of the examination on the victim; (4) the probative value of the examination to the issue before the court; (5) the remoteness in time of
 the examination to the alleged criminal act; and (6) the evidence already available for the defendant's use.

Id. at 547, 602 S.E.2d at 732-33 (internal quotation marks omitted). 
Here, although the child was four years old at the time of the incident and spoke freely of the incident during a forensic interview and the trial, the
independent examination was requested two years after the incident occurred.  Moreover, the record does not reveal the nature of the examination requested,
and Canada extensively cross-examined the social worker who interviewed the child regarding the child's ability to differentiate between right and wrong, truths
and lies, and male and female genitals.  Accordingly, the trial court did not abuse its discretion in denying the motion.
AFFIRMED.
FEW, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.